UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

STEFAN C. RAGLAND,

                              Plaintiff,

      v.                                                  9:19-CV-0443 (BKS/CFH)

EUGENE J. CONWAY,

                              Defendant.

---

APPEARANCES:

STEPHAN C. RAGLAND
Plaintiff, pro se
139 Delaware Street
Syracuse, NY 13202

BRENDA K. SANNES
United States District Judge

## DECISION and ORDER

### I. INTRODUCTION

Plaintiff Stefan C. Ragland commenced this civil rights action pro se in April 2019, asserting claims arising out of his confinement at the Onondaga County Justice Center. Dkt. No. 1. Plaintiff did not pay the filing fee for this action and seeks leave to proceed in forma pauperis ("IFP"). Dkt. No. 2.[1]

---

[1] On April 15, 2019, plaintiff's IFP application was denied as incomplete and the action was administratively closed. Dkt. No. 3. Thereafter, plaintiff filed the Inmate Authorization Form required in this District, and this action was re-opened by Text Order entered on April 19, 2019. Dkt. No. 4 ("Authorization Form"); Dkt. No. 6 ("Re-Opening Order"). The Re-Opening Order was returned to the Clerk of the Court as undeliverable on or about April 26, 2019. Dkt. No. 7 at 1.

## II. DISCUSSION

"28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged." *Cash v. Bernstein*, No. 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010).[2] Where a plaintiff has been granted in forma pauperis status, service of process is effected on his or her behalf by the U.S. Marshals Service. *See* Fed. R. Civ. P. 4(c)(2) (Marshals Service must be appointed to serve process when plaintiff is authorized to proceed in forma pauperis); 28 U.S.C. § 1915(d) ("the officers of the court shall issue and serve all process and perform all duties in [in forma pauperis] cases."). In appropriate circumstances, pro bono counsel may be appointed to represent a litigant proceeding in forma pauperis. *See* 28 U.S.C. § 1915(e)(1). "The question of whether a plaintiff qualifies for IFP status is within the discretion of the district court." *DiGianni v. Pearson Educ.*, No. 10-CV-0206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010).

Plaintiff was confined at the Onondaga County Justice Center when he signed his IFP application on April 4, 2019. Dkt. No. 2 at 1-2. However, the Re-Opening Order issued on April 19, 2019, was returned to the Court on April 26, 2019, with the following notation on the enclosure envelope: "NOT HERE RETURN TO SENDER." Dkt. No. 7 at 1.

A search of publically available information shows that plaintiff was released from custody on April 18, 2019. *See* VINELink, https://www.vinelink.com/#/searchResults/1 (last visited May 1, 2019). Since his release from custody, plaintiff has filed a notice of change of

---

[2] "Although an indigent, incarcerated individual need not prepay the filing fee at the time of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts." *Cash*, 2010 WL 5185047, at *1.

address. Dkt. No. 8.

Because plaintiff's IFP application does not reflect his current post-release financial condition, the Court cannot determine whether he has established sufficient economic need. Accordingly, plaintiff's IFP application is denied without prejudice and with leave to renew.[3]

If plaintiff wishes to proceed with this action, he must either pay the $400.00 filing fee or file a renewed in forma pauperis application setting forth his current financial condition **within thirty (30) days** of the filing date of this Decision and Order.[4] Plaintiff is advised that his failure to timely comply with this Decision and Order will result in the dismissal of this action without prejudice, without further order of this Court.

## III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's IFP application (Dkt. No. 2) is **DENIED without prejudice and with leave to renew**; and it is further

**ORDERED** that plaintiff's authorization form (Dkt. No. 4) is **STRICKEN** from the docket as unnecessary; and it is further

**ORDERED** that should plaintiff wish to proceed with this action, he must either (i) pay the $400.00 filing fee, or (ii) submit a renewed in forma pauperis application detailing his current financial condition; and it is further

**ORDERED** that upon plaintiff's compliance with this Decision and Order the Clerk

---

[3] In light of plaintiff's release from custody, the provisions of 28 U.S.C. § 1915(e) requiring prisoners to pay the filing fee over time from funds available in their inmate accounts are not applicable. The Clerk is therefore directed to strike plaintiff's authorization form (Dkt. No. 4) as unnecessary.

[4] The $400.00 filing fee consists of the civil filing fee of $350.00, *see* 28 U.S.C. § 1914(a), and an administrative fee of $50.00.

shall return the file to the Court for further consideration and, if appropriate, review of the complaint in accordance with 28 U.S.C. § 1915(e); and it is further

**ORDERED** that in the event plaintiff fails to timely comply with this Decision and Order, this action will be **DISMISSED without prejudice without further Order of this Court**; and it is further

**ORDERED** that the Clerk shall serve plaintiff with a copy of this Decision and Order, together with a blank IFP application.

**IT IS SO ORDERED.**

Dated: May 15, 2019
       Syracuse, NY

*Brenda K. Sannes*
Brenda K. Sannes
U.S. District Judge